Farley, Smith & Co. v. Dowe, Garnishee.

---

FARLEY, SMITH & CO. *vs.* DOWE, GARNISHEE.

[ ASSUMPSIT ; GARNISHMENT TO SUBJECT WAGES OF CLERK.]

1. *Garnishment; what not subject of.*—The wages of a clerk employed in a store as salesman is not the subject of garnishment.

2. *Act for relief of laborers and employees, approved October 10, 1868; not unconstitutional.*—The act approved October 10, 1868, for the relief of laborers and employees, is not unconstitutional on the ground of containing more than one subject.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. J. Q. SMITH.

Before the passage of the act of the 10th of October, 1868, for the relief of laborers and employees, the appellants obtained judgment against McDonald. Dowe was afterwards summoned, by writ of garnishment, to answer what he was indebted to said McDonald. At the January term, 1870, Dowe answered, admitting indebtedness in the sum of $115 30, but without stating how the indebtedness arose; thereupon McDonald made affidavit that the amount due him from Dowe was due him as a laborer or employee for said Dowe during two months of the year 1869, and moved the court to dismiss the garnishment. The bill of exceptions states that it was proved that the amount due McDonald was due him as wages as a clerk or salesman for said Dowe. The court granted the motion, dismissed the garnishment, &c., and appellants excepted. The ruling to which exception was reserved is now assigned for error.

The act is as follows:

"An act for the relief of laborers and employees.

Sec. 1. *Be it enacted by the general assembly of Alabama,* That hereafter the wages of laborers and employees shall not be subject to garnishment or attachment, except for public dues.

Sec. 2. *Be it further enacted,* That all laws and parts of laws contravening the provisions of this act, be and the same are hereby repealed.

Approved, October 10, 1868."

MARTIN & SAYRE, for appellants.—The plaintiffs' judgment was obtained anterior to the passage of that law.

The act exempts from garnishment the wages of laborers and employees, but prescribes no method by which the fact is to be ascertained that the money sought to be condemned is the wages of a laborer or employee. Two facts must exist, without the existence of which that law can not be operative: the party to whom the money is due

must be a laborer or employee; and it must be due as wages.

No common law judge, in this State, has, without the consent of parties, the right or power to try or ascertain facts; that is the province of the jury.

The fact that McDonald was a laborer or employee, or that the money due to him was for wages as such laborer or employee, does not appear by the answer of the garnishee, and only appears by the *ex parte* affidavit of McDonald. The judge had no right to ascertain those facts; an issue ought to have been made up, under the direction of the court, and submitted to a jury, in order that those facts might be legally ascertained. The action of the court in trying and granting said motion was, therefore, erroneous.

2. The act is unconstitutional. The constitution reads— "Each law shall contain but one subject, which shall be clearly expressed in its title."

This clause must mean something; and it is mandatory. *Weaver v. Lapsley*, 43 Ala. 228.

Section 2883 provides that certain property shall be exempt from any legal process. The act of 1868 certainly amends or revises all those sections, and in order to ascertain how the law stands, it is necessary to examine the whole law of garnishment and exemption, as provided for in the Code. The whole Code must be examined, to ascertain what laws, or parts of laws, contravene the provisions of the act of 1868; and the very object of the constitution would thus be evaded.

3. At the time when appellants' judgment was rendered, the wages of laborers and employees were liable for the payment of debts. By the act of 1868, that species of property was exempted from the payment of debts; and thus the obligation of the contract was impaired. No remedy was left to subject it to the payment of debts. *Quackenbosh v. Danks*, 1 Denio, 129; *Hawthorne v. Calif*, 2 Wall. 10.

4. The law contains two subjects.—32 Ill. 181. The object of the constitution was, that the legislature might be informed, by the title of the act, what was the subject

upon which they were called to legislate.    The title of the act under consideration does not accomplish this purpose.

The real subject legislated upon, was the exemption of wages of laborers and employees.  No one could understand from the title that the subject of wages was to be affected by the proposed legislation. · Under the same title, the same class of persons might have been exempted from militia or road duty, or from the payment of taxes. Such general words, used in the title of an act, if held to be sufficient, would take from that clause in the constitution all its force.

GRAVES & RHEA, *contra.*—It is a clear legal proposition, that every intendment must be made in favor of the constitutionality of a law.—*Ex parte Pollard,* 40 Ala.  "To warrant the court's setting aside a law as unconstitutional, the case must be so clear that no reasonable doubt can be said to exist"—quoting *Crane v. Meginnis,* 1 Gill & Johnson, 463.

In answer to the first constitutional objection, to-wit, " The act contains more than one subject," we refer to pp. 98 and 99 in the opinion in *Ex parte Pollard,* 40 Ala., where it is said that " The object of this constitutional provision was to prevent deception by the inclusion in a bill of matter incongruous with the title."  " The question must always be, whether taking from the title the subject, we can find anything in the bill which can not be referred to that subject; and this must be free from all nice verbal criticism." ·

The act contains but one subject, and that is clearly set out in the caption, and unequivocally expressed in the act.

In answer to the second objection, to·wit, that it is a revision or amendment, and therefore the whole law must be set out, we say, it is no revision or amendment; it is an *independent* act, as specified in its caption.  " It merely repeals laws contravening its provisions.   It is nothing more than a repeal of laws in irreconcilable conflict.   It was never intended by the constitution that every law which would affect some previous statute. of variant provisions on the same subject, should set out the statute or statutes

so affected, at full length. If it were so, it would be impossible to legislate. Its prohibitions are directed against the practice of amending or revising laws by additions, or other alterations, which, without the presence of the original law, are usually unintelligible."—*Ex parte Pollard*, 40 Ala. 100.

The third objection is, that the act impairs the obligation of a contract. On this point, Mr. Chief Justice Marshall, in the case of *Sturgess v. Crowninshield*, 4 Wheaton, 200, says: "Without impairing the obligation, the *remedy* may certainly be modified as the wisdom of the nation shall direct. Confinement of a debtor may be a punishment for not performing his contract, or may be allowed as a means of inducing him to perform it; but the State may refuse to inflict this punishment, or may withhold this means, and leave the contract in full force. *Imprisonment* is no part of the *contract*, and simply to release the prisoner does not impair its obligation."—See, also, 8 Wheat. pp. 84, 86, *Green v. Biddle;* Sedgwick on Stat. and Const. Law, pp. 643, 644, 645 ; Cooley's Const. Lim. pp. 286, 287. "Nor is there any constitutional objection to those laws which except certain portions of a debtor's property from execution, being so modified as to increase the exemptions, and the modifications made applicable to contracts *previously entered into*."—Ccoley Const. Lim. p. 287.

Again, suppose that the legislature should enact that, hereafter no attachment shall issue, on the grounds "that the debtor is about fraudulently to dispose of his property"—would it be insisted that such act is unconstitutional on the grounds that it is an *amendment* of the attachment law, and therefore that the *whole* attachment law must be set out, on the ground that it impairs the obligation of contracts? We think not.

Then, it is not obnoxious on the ground that it is class legislation ; for the act is general in its application throughout the State, and is therefore denominated a *general law.* Cooley's Constitutional Limitations, p. 390.

B. F. SAFFOLD, J.—The question at issue between the

parties is, whether the wages of a clerk in a store is subject to garnishment in the hands of his employer.

An act of the legislature, approved October 10, 1868, provides that the wages of laborers and employees shall not be subject to garnishment or attachment, except for public dues.

This act is not unconstitutional on the ground of embracing more subjects than one, and was in force at the time of the trial. A clerk employed as salesman is within its provisions.

The judgment is affirmed.